**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY N. LINDSLEY, | No. 13-35543 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00552-SU |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted January 13, 2015[**]

Before:     THOMAS, Chief Judge, D.W. NELSON, and LEAVY, Circuit Judges.

Danny N. Lindsley appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

Lindsley's contention that the Administrative Law Judge ("ALJ") did not specifically identify what part of the testimony he found not credible, as required by *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001), is belied by the record.

Contrary to Lindsley's contention, the ALJ provided specific, clear and convincing reasons for rejecting Lindsley's subjective complaints. The ALJ cited Lindsley's conservative and routine course of treatment, daily activities, work record, and medical records. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (listing factors to consider in evaluating a claimant's credibility).

Lindsley contends that the ALJ did not provide reasons "germane to the witness" for rejecting the testimony of his fiancée, Angela Sterling. Although the ALJ erred by rejecting Sterling's lay witness testimony because she is not a medical source, such error is harmless because the ALJ provided a separate, valid reason, supported by the record, for rejecting Sterling's testimony. *See Molina*, 674 F.3d at 1115. The ALJ explained that Sterling's testimony was inconsistent with the medical evidence and Lindsley's daily activities. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing testimony that

2

claimant has trouble sitting as inconsistent with claimant's ability to complete full-time coursework); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing inconsistency with medical evidence).

**AFFIRMED.**